## THOMAS v. SADLEIR et al.

No. 6833. Decided September 28, 1945. (162 P. 2d 112.)

See 5 C. J. S., Appeal and Error, sec. 1763; 5 Am. Jur., 661.

*Irvine, Skeen & Thurman,* of Salt Lake City, for appellant.

*Herbert F. Smart,* of Salt Lake City, for defendant.

*L. O. Thomas,* of Salt Lake City, for respondent.

McDONOUGH, Justice.

Plaintiff sued both Lawrence A. Sadleir and George H. Bessendorfer for personal injuries, but recovered a verdict only against Bessendorfer. The latter appeals.

About 6:30 A. M. on February 1, 1944, on Beck Street in Salt Lake City, a car driven northerly by defendant Sadleir and in which plaintiff was riding, collided with a car driven by defendant Bessendorfer who was traveling in a southerly direction. There are four traffic lanes on said street, for convenience herein numbered 1, 2, 3 and 4, from east to west, 1 and 2 being for northbound traffic and 3 and 4 being for southbound traffic. On that day the lines marking the traffic lanes were obscured if not actually covered by snow and ice. The street was slippery. There was a ridge of snow approximately in the center of the street.

The accident occurred before daylight. According to the witnesses for plaintiff and for defendant Sadleir, the latter was traveling in lane 2 at the time of the collision, and Bessendorfer drove slightly over the center of the highway into lane 2. On the other hand, Bessendorfer and his witnesses testified that Sadleir drove into lane 3 and possibly into lane 4 at the time the collision occurred. Plain-

tiff alleged that he was a passenger for hire in Sadleir's car, and there was sufficient evidence to support such claim. There was no contention that any negligence of Sadleir could be imputed to plaintiff. One car impinged over into the path of the other car about 12 to 14 inches, as evidenced from the testimony and the physical appearance of the two cars which show that the left front fender of each was damaged, and that the force of impact was such that the direction of movement of the two cars (if extended) would have been approximately parallel lines.

Appellant concedes that the evidence is such that the verdict and judgment find ample support in the record. He assigns as reversible error the refusal of the court to give an instruction requested by him and error on its part in an instruction given. Appellant excepted to the giving of instruction No. 11 as a whole, and also to parts of such instruction. Said instruction reads as follows:

"You are instructed, that although another vehicle encroaches on the wrong side of the highway, the driver of a car approaching such vehicle has the duty of using reasonable care to avoid colliding with such vehicle by turning to his right if safe and practical to do so. That is, in this case, even if the defendant Sadleir had driven his car over west of the center line of said highway into the path of southbound traffic, and that the defendant Bessendorfer observed, or in the exercise of reasonable care and prudence should have observed, the Sadleir car, and that Sadleir could not or did not intend to remove his automobile from said path, and that such observation was made, or should in the exercise of ordinary care have been made by the defendant Bessendorfer in sufficient time so that he could with reasonable safety have turned his automobile to his right and thus have avoided the collision, it was the duty of the defendant Bessendorfer to do so, and, under such circumstances, his failure to do so would be negligence on his part."

Appellant claims prejudicial error in the giving of such instruction because: (1) It injected into the case the "last clear chance doctrine," as a new theory, wholly inconsistent with the pleading of appellant's alleged negligence. (2) Such instruction was not responsive to the evidence adduced.

Reference is made to the following portion of the pleading of Bessendorfer's alleged negligence:

"That defendant, George S. Bessendorfer * * * in violation of the official signs of the Utah State Road Commission * * * failed to use the right traffic lane, although he was not overtaking or passing any vehicle traveling in his same direction in the right traffic lane, and in violation of 57-7-120, Utah Code Annotated, 1943, drove and operated his said automobile over and upon the east half or wrong portion of said highway, and carelessly and negligently failed to keep any proper or other lookout for vehicles on said highway and especially for the vehicle which defendant Lawrence R. Sadleir was operating as aforesaid, and carelessly and negligently failed to keep his said automobile under proper control so as to avoid colliding with the said automobile operated by defendant Sadleir as aforesaid, which said automobile defendant Bessendorfer discovered and observed on said highway or in the exercise of reasonable and ordinary care should have discovered and observed upon said highway."

Counsel for respondent argues in his brief that the last clear chance doctrine need not be pleaded; that the pleading set out above was sufficient to warrant the instruction given, and that there was ample evidence to justify such instruction. The briefs of both appellant and respondent deal principally with the argument as to and applicability or nonapplicability of that doctrine in this case. On each side, counsel seem to have construed the instruction in question as a charge on the last clear chance doctrine.

But it is patent from what has already been said that if such doctrine has been imported into the case, the importation was through the briefs of counsel here and not by means of the instruction of the court below. It must be borne in mind in addressing this assignment of appellant, that plaintiff below was suing both defendants and that no plea of contributory negligence on the part of the plaintiff was interposed by either defendant. Neither by pleading nor by proof was it made to appear that plaintiff had by his own negligent act placed himself in a position of peril of which he was oblivious or from which he was unable to extricate himself. The doctrine hence had no place in the controversy. See *Jensen* v. *Denver*

*& R. G. R. Co.,* 44 Utah 100, 138 P. 1185, and 38 Am. Jur., p. 903, Negligence, Sec. 217. Nor does the criticized instruction of the court embody the elements of the doctrine. No suggestion is even made in the instruction that were appellant guilty of negligence in the respect set forth, such negligence on his part would acquit his co-defendant Sadleir of liability. The "last clear chance doctrine" aside, it remains for us to determine whether the instruction is applicable to any state of facts which the jury might reasonably have found, and if so, if such fact situation was pleaded by respondent.

According to appellant and his witnesses the collision between the two cars happened thus: Bessendorfer was traveling south in lane 4 with his left wheels on or in the neighborhood of the division line between lanes 3 and 4. The markings separating the lanes were not visible, and testimony as to lanes was with reference to the edges of the paved portion of the highway and the center thereof. In lane 1, there was a steady stream of northbound traffic. In lane 2, a car proceeding northward in front of the Sadleir car slowed down to make a turn to the left. Sadleir's car swung out around such car over into lane 3, and sufficiently far to the west in such lane or over the line partly into lane 4 so as to strike appellant's car. The contrary evidence is to the following effect: Sadleir was proceeding northward in lane 2. There were cars proceeding nothward in lane 1 and one of them attempted to turn to the left into lane 2. This car was to the right of the Sadleir car and turning slightly to the left caused Sadleir to turn his car also slightly to the left to avoid contact with it. Prior to and at the time the intruding lane 1 car caused Sadleir to turn slightly to the left, the Bessendorfer car was seen to the north, apparently traveling in lane 3, or impinging into lane 2. Witnesses observed it at first some 300 feet from the Sadleir car. It was about 100 feet away when Sadleir was forced to make the deviation to the left. According to the Sadleir witnesses, the cars collided while Sadleir was entirely in lane 2. However, one of the witnesses stated that his left

wheels may have gone over into lane 3. There were no south-bound cars near Bessendorfer which would necessitate driving his car in lane 3 or into lane 2.

If the questioned instruction had been given by the court in reference to the fact situation evidenced by the Bessen-dorfer witnesses, we are of the opinion that it would have been unwarranted. If the Sadleir car turned sharply to the left to pass around another northbound car when he was only 100 feet away from appellant's automobile, as appellant testified, and drove over into lane 4, it would be wholly unreasonable to predicate negligence on appellant's part because in the intervening fraction of a second he did not turn to the right onto the shoulder of the road to avoid being struck. But there was another fact situation to which the instruction might be applied. As noted above, one of Sadleir's witnesses stated that when the Sadleir car was forced to move to the left to avoid the third car, he may have intruded somewhat into lane 3. Since, under this theory of the facts, Bessendorfer was traveling south on lane 3, if not actually impinging into lane 2, he must in the exercise of reasonable care have observed the line of cars in lane 1 which were moving to the right of Sadleir. There was no occasion for him to be in lane 3; in fact, by obedience to the law he should have been in lane 4. In such situation, he should have been on the alert to observe the deviation made by Sadleir, and to have acted in response thereto. True, when the situation arose, he was probably only some 100 feet away from the Sadleir car. But he had plenty of room to his right in which to turn some 16 or 18 inches to avoid injuring respondent. It is likewise true that the court should have more specifically pointed its instruction to the state of facts described and thus forefend speculation as to whether the jury might have applied the instruction as given to the fact theory of appel-lant.

Nevertheless, we are convinced that failure of the court to do so was not such error as to work a reversal. It is hardly conceivable that the jury, after having listened to

such sharply conflicting evidence as to how the accident occurred, would adopt appellant's theory, and yet because of the questioned instruction not reasonably applicable to the facts so found, hold appellant solely responsible for the damage inflicted.

Nor was plaintiff's complaint wholly lacking in allegations which would permit of an instruction ▪ properly pointing to the described factual situation.

Appellant also complains of the refusal of the court to give his requested charge numbered 1. He contends that failure to give such requested charge amounted to failure to instruct on his theory of the case. The proposed instruction states in substance that if Bessendorfer ▪ was traveling on the west portion of the highway at the time of the collision, he was not liable to plaintiff. But as pointed out above, there was a fact situation developed which justified a refusal to give such request. Appellant might have been guilty of negligence as to respondent, though he did not cross into lane 2. The refusal to give the requested instruction was not error.

The judgment is affirmed. Costs to respondent.

LARSON, C. J., and TURNER and WADE, JJ., concur.

WOLFE, Justice (concurring specially).

I am in accord with the rule that a party traveling in his correct traffic lane has under certain circumstances a duty toward one traveling opposite him if that one for some reason gets over on the wrong lane in the path of the person in the proper lane. But more and more I see a tendency of the one really at fault to shift the blame for the accident on the other by accentuation of the other's duty to avoid the effect of the first one's negligence. True in this case the plaintiff was not negligent. He was a guest. The test was one of determining whether either or both of the drivers were negligent. The jury was required to choose between several fact configurations presented by the evidence. Instruction No. 11 pertained only to one of those configura-

tions, viz: in case the jury determined that Sadleir projected his car over the center line into lane 3. The jury may have concluded that this did not happen but that Bessendorfer drove over into Sadleir's lane, No. 2. I fear that the word "even" in instruction No. 11 may have influenced the jury to eliminate from its consideration the possibility that Sadleir drove over into lane No. 3. The word "even" in the sentence reading "even if the defendant Sadleir had driven his car over west of the center line of said highway into the path of the southbound traffic," etc., has the flavor of conveying the idea that the court hardly thought that possible. Otherwise I think the instruction technically correct in view of the inferences that the jury could draw from all the evidence—not merely that of Bessendorfer. In view of the fact that it was nighttime and the lines between the lanes were obliterated and that Bessendorfer had ample space to drive safely far enough west of the center line to eliminate chances of an accident by a driver in lane No. 2 being forced or coming over a small distance into what might, after detailed inspection, turn out to be lane No. 3, his driving unnecessarily close to the center line, if so found by the jury, could, especially in view of Sec. 57-7-120, U. C. A. 1943, admonishing drivers to keep on the right side of the highway, be found to be negligence. To skirt a center line by inches when there is ample room to do otherwise is not the most prudent driving. But when all that is said I think that some of the cases we have heretofore decided tend to place on one too great a duty to avoid the effect of another's negligence and thus make it impossible for such first person to recover because of what may be pseudo contributory negligence. I refer to the cases of *Farrell* v. *Cameron*, 98 Utah 68, 94 P. 2d 1068; *Bullock* v. *Luke*, 98 Utah 501, 98 P. 2d 350. In this case if Bessendorfer had been hurt and had the jury concluded that instruction No. 11 came into play, he could not have recovered because under the jury's view, he would have been negligent in not driving in such manner as to avoid the effect of Sadleir's negligence. We recently had the interesting

spectacle of counsel in a case arguing the pronounced negligence of his own client in order to accentuate the duty of the plaintiff to avoid it, on the theory, I suppose, that the greater the negligence, the greater the duty of another to avoid it, an idea somewhat analogous to the idea that the "greater the truth, the greater the libel." Perhaps the law would best subserve the interests of safety if collisions due to a driver going across his line would be held solely the result of his negligence unless he could prove clearly that his going over was because of circumstances beyond his control; that he who kept on his own side be held free from trespass because he remained in territory allotted to him. Experience teaches us that it is seldom indeed that a driver is really compelled to go across his line. On a three or four lane highway when the traffic is heavy drivers manage to stay on their own lane because they have to. I think experience will bear me out that crossing center lines is mostly the result of just careless driving and a feeling that there is lots of room over there and the other fellow will look out for you. In the few actual cases where a driver is forced over, the evidence that the opposite driver, who keeps in his own lane, could or should have in turn appreciated that the other could not get back and yet came on regardless, should be clear and convincing. But in a case where the lines are obscured and it is night, one of two oppositely proceeding drivers may easily be mistaken as to where the line is. In such case it is best for each to assume it to be closer to his left and thus leave a margin for contingencies between the oppositely moving cars. And especially is this true in the case of the one who has ample room to move rightward.