## Wytheville.

## ALLISON V. CITY OF FREDERICKSBURG.

### June 8, 1911.

1.  NEGLIGENCE—*Proximate Cause.*—In order to warrant a finding that negligence, or an act not amounting to a wanton wrong, is the proximate cause of an injury, it must appear that the injury was the natural and probable consequence of the negligence or wrongful act, and that it ought to have been foreseen in the light of attending circumstances. If the wrong and the resulting damages are not known by common experience to be naturally and usually in sequence, and the damage does not, according to the ordinary course of events, follow the wrong, then the wrong is not the proximate cause of the resulting damage.

2.  NEGLIGENCE—*Proximate Cause—When a Question for the Court.*— Whether or not a negligent act is the proximate cause of resulting damage is a matter of law for the court when the question is not involved in doubt, and there is no conflict in the evidence.

3.  DAMAGES—*Inadequacy.*—A verdict of $1,200 is a liberal award for the injury resulting proximately from the defendant's wrong, under the evidence in this cause, and cannot be set aside as inadequate.

Error to a judgment of the Corporation Court of the city of Fredericksburg in an action of trespass on the case. Judgment for the plaintiff who, being dissatisfied with the amount of the recovery, assigns error.

*Affirmed.*

The opinion states the case.

*William W. Butzner* and *G. B. Wallace,* for the plaintiff in error.

*St. George R. Fitzhugh,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

This action was brought by Maud Allison, an infant, by her father as her next friend, to recover damages for an injury alleged to have been caused by the negligence of the defendant city. There was a verdict and judgment for $1,200 in favor of the plaintiff, which she now asks this court to reverse and set aside upon the ground that the jury was misdirected, the damages allowed inadequate, and the verdict contrary to the law and the evidence.

It is alleged that the defendant negligently allowed a hole to remain in a small plank bridge that it maintained across one of its sidewalks on Main street as the covering to a gutter. The record shows that in February, 1909, the plaintiff, a girl between ten and eleven years of age, while returning from school, stepped into this hole. There were no apparent ill effects from the accident, not even an abrasion of the skin. The plaintiff mentioned to her friends the fact that she had stepped into the hole, but made no complaint of being seriously hurt. In the following April a small lump had developed on her leg, and she was observed to limp. The family physician was consulted several times—the last on the 28th of June. He regarded the matter of no importance, and finally told the father that there was no occasion for him to see the plaintiff again, and that he need feel no concern on her account. No doctor was seen again until about the 9th day of the following November. In the meantime, from February to November, the plaintiff was pursuing her usual activities, going to school until its close in June, with the exception of one week, and again at school from the time it opened in September until November. About the 9th of November the lump on the leg appearing more serious, several specialists were consulted, who diagnosed the plaintiff's trouble as sarcoma of the bone, a malignant, cancerous disease, and

advised amputation of the limb as the only means of saving her life. The leg was amputated November 14, 1909, and this suit was brought to the following December rules.

The court, among others, gave the jury the following instruction: "There can be no recovery of damages for an alleged injury unless the negligence charged as causing such injury was the proximate cause of such injury; that in order to warrant a finding by the jury that negligence is the proximate cause of an injury, it must appear that the injury complained of was the natural and probable consequence of the negligence, and that it ought to have been foreseen in the light of the attending circumstances; hence, if the jury shall believe from the evidence that the diseased condition of the plaintiff's leg and the suffering occasioned thereby, was the result of a malignant tumor known as 'sarcoma,' and that the amputation of the plaintiff's leg was rendered necessary by reason of such sarcoma, then the court instructs the jury that sarcoma was not the result naturally and reasonably to be expected from the injury received by the plaintiff at the bridge; that it was not the natural and probable consequence of the alleged negligence of the city; and the jury cannot find any damages for the plaintiff on account of said disease, and its attendant suffering, whether physical or mental, nor for the loss of her leg. The court further instructs the jury, if they shall believe from the evidence that the plaintiff fell through the bridge on upper Main street, by reason of the negligence of the defendant city, and was injured thereby, then she is entitled to recover damages for any physical pain and suffering which the jury may believe from the evidence was the direct and proximate result of the defendant's negligence."

The crucial question in this case is raised by the first branch of this instruction, which was given over the protest of the plaintiff. The objection urged is two-fold:

First, that the instruction does not correctly state the law touching the doctrine of "proximate cause," and, second, that the court thereby decides as matter of law that stepping into the hole in the bridge was not the proximate cause of the sarcoma, or the loss by the plaintiff of her leg, whereas that question should have been left to the determination of the jury upon the evidence.

In the case of *Scheffer* v. *Railroad Co.*, 105 U. S. 249, 26 L. Ed. 1070, the plaintiff was injured in a collision of two trains. The declaration alleged injuries to body, brain, spine and nervous system, which it was further alleged had produced the insanity which ended in the plaintiff's suicide eight months after the injury was sustained in the railroad collision. There was a demurrer to the declaration which was sustained, Mr. Justice Miller, speaking for a unanimous court, saying: "To warrant a finding that negligence, or an act not amounting to wanton wrong, is the proximate cause of an injury, it must appear that the injury was the natural and probable consequence of the negligence or wrongful act, and that it ought to have been foreseen in the light of the attending circumstances."  .

This language of the Supreme Court has been twice adopted by this court as a correct statement of the law, and the principle involved has been stated in other cases. *Connell* v. *C. & O. Ry. Co.*, 93 Va. 57, 24 S. E. 467, 57 Am. St. Rep. 786, 32 L. R. A. 792; *Fowlkes* v. *Southern R. Co.*, 96 Va. 742, 32 S. E. 464.

In the last named case, Judge Keith, speaking for this court, quotes the language of Justice Miller with approval, and further says: "It is not only requisite that damage actual or inferential should be suffered, but this damage must be the legitimate sequence of the thing amiss. The maxim of the law here applicable is that in law the immediate and not the remote cause of any event is regarded; in other words, the law always refers the injury to the

proximate, not to the remote cause. If an injury has re-
sulted in consequence of a certain wrongful act or omission,
but only through or by means of some intervening cause,
from which last cause the injury followed as a direct and
immediate consequence, the law will refer the damage to
the last or proximate cause, and refuse to trace it to that
which was more remote. To the proximate cause we may
usually trace consequences with some degree of assurance,
but beyond that we enter a field of conjecture where the un-
certainty renders the attempt at exact conclusions futile.
If the wrong and the resulting damages are not known by
common experience to be naturally and usually in sequence,
and the damage does not, according to the ordinary course
of events follow from the wrong, then the wrong and the
damage are not sufficiently conjoined or concatenated as
cause and effect to support an action."

In *Va. Iron & Coal Co.* v. *Kiser,* 105 Va. 704, 54 S. E. 892,
Judge Cardwell expresses the principle of the cases cited as
follows: "A defendant in an action to recover damages for a
personal injury cannot be held liable therefor, unless the
neglect of some duty he owed the injured party was the
proximate cause of the injury. The first requisite of proxi-
mate cause is the doing or omitting to do an act which a
person of ordinary prudence could foresee might naturally
or probably produce the injury, and the second requisite
is that it did produce it."

A casual examination of the instruction under considera-
tion shows that the law is there stated in substantially the
language of the controlling decisions we have cited.

The conclusion, from this branch of the instruction, that
the sarcoma and the loss of the leg were not naturally and
reasonably to be expected from the injury received by the
plaintiff at the bridge, and that they were not the natural
and probable consequences of the alleged negligence of
the city, was inevitable in the light of the evidence. The

record shows that three doctors were examined, who concur in the opinion that sarcoma is a malignant, cancerous tumor in the system that is sometimes developed by an injury. One of them says that, in this case, the dormant sarcoma may have been incited to development by the slight injury at the bridge; the other two are of the opinion that the development was incited by that injury. All three, however, concur in the opinion that it would have been impossible for any one to have foreseen or anticipated such a result from such an accident, one of them saying, on this point, that "no human power could have foreseen the occurrence of a malignant growth as the result of that injury, at that time; therefore, it was not usual. . . . I don't think this was the usual or common result of an injury of that kind, because, as I have testified before, I think one hundred children might have fallen through there and had similar injuries, and a cancer not occur in any one of the hundred."

Bringing this case to the test of the principles announced, it is clear that the injury sustained by her in stepping into the hole in the bridge was not the proximate cause of the loss of the plaintiff's leg. The sarcoma was not the natural and probable consequence of the plaintiff's foot going through the hole in the bridge, and could not have been foreseen in the light of the circumstances attending the alleged negligence of the city.

The second objection to this branch of the instruction is that the question of proximate cause was not one of law to be determined by the court, but was a question of fact to be submitted to the jury.

This objection cannot be sustained. The law is well settled to the contrary. When the question is involved in doubt and the evidence is conflicting, it is a question for the jury; but when there is no doubt and no conflict in the evidence, as in the case at bar, it is a question to be determined by the court.

In the case of *Scheffer* v. *Railroad Co., supra,* the Supreme Court sustained a demurrer to the declaration, holding that there was no proximate cause between the alleged negligence of the railroad and the subsequent death of the plaintiff.

In *Fowlkes v. Southern Ry. Co., supra,* the law is stated as follows: "It is the province of the court to determine in the first instance whether or not the facts offered in evidence tended to prove an injury to the plaintiff too remote · from the defendant's act of negligence to constitute an element of the plaintiff's recovery."

In *Winchester* v. *Carroll,* 99 Va. 744, 40 S. E. 40, the court says: "The general doctrine is that whether one has been guilty of negligence or not is a mixed question of law and fact to be determined by the court where the facts are undisputed or conclusively proved, but not to be withdrawn from the jury when the facts are disputed or the evidence conflicting."

Under the latter branch of the instruction, the jury found a verdict in favor of the plaintiff for $1,200. This was a liberal award of damages for the pain shown by the record to have been suffered by the plaintiff as the direct and proximate result of the alleged negligence of the city, and, therefore, the verdict cannot be disturbed upon the ground of inadequacy.

Upon the whole case we are of opinion that there is no error in the judgment complained of, and it must be affirmed.

*Affirmed.*