PELHAM v. KEIP.

1. APPEAL AND ERROR—IMPUTED CONTRIBUTORY NEGLIGENCE AS MATTER OF LAW—EVIDENCE.

On appeal from judgment for plaintiff in action arising out of a collision of automobiles at an intersection, where case was tried without a jury and defendant claims plaintiff's driver was guilty of negligence as a matter of law and that such negligence, being imputed to plaintiff, barred recovery, Supreme Court must accept testimony most favorable to plaintiff.

2. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—QUESTION FOR TRIER OF THE FACTS.

. Where reasonable minds may differ as to whether contributory negligence was attributable to plaintiff, that negligence must be considered a question of fact rather than of law.

3. AUTOMOBILES—INTERSECTION COLLISION—NONJURY CASE—FINDING OF COURT—CONTRIBUTORY NEGLIGENCE—EVIDENCE.

Finding of trial judge, sitting without a jury, that plaintiff's driver, a northbound motorist, was not guilty of contributory negligence in failing to see defendant's westbound car for a distance of 537 feet from the intersection *held*, supported by evidence where it appears that plaintiff's driver had stopped his·car some 15 feet south of the intersection, defendant approached at speed of about 50 miles an hour and collision took place after front wheels of northbound car were about two feet north of the paved portion of the road.

Appeal from Lenawee; Rathbun (G. Arthur), J. Submitted June 9, 1943. (Docket No. 40, Calendar No. 42,324.) Decided October 11, 1943. Rehearing denied November 29, 1943.

Case by Alex Pelham against Victor L. Keip for personal injuries sustained in an automobile collision. Judgment for plaintiff. Defendant appeals. Affirmed.

*Frank J. Riley* and *Fred C. Culver*, for plaintiff.

*William J. Eggenberger* and *Alexander & Baldwin*, for defendant.

BUSHNELL, J. This is an appeal from a judgment entered for plaintiff, Alex Pelham, upon findings rendered by the trial judge sitting without a jury, in an intersection collision case.

About 6:30 p.m. on September 1, 1940, Pelham, an adult person, was riding in a car driven by his friend, Mahlon L. Knowlan. Knowlan was driving north on Hughes road and defendant Victor L.

Keip was driving west on Beecher road. There was no stop sign on either road protecting this intersection, and neither was a through highway. Knowlan testified that he came to a dead stop about 15 feet south of the south line of the intersection, and that he looked in both directions and saw no vehicle between the intersection and the hill to the east on Beecher road, a distance of 537 feet. Beecher road is 30 feet wide and has an 18-foot pavement. Knowlan said he then proceeded in low gear across Beecher at about five or six miles an hour, and when the front wheels of his car were two feet north of the paved portion of the road there was a collision.

Keip testified that he was well acquainted with the intersection, having traveled Beecher road at least 100 times; that on the day in question he was traveling about 50 miles an hour, and when he was approximately 50 feet from the intersection he first saw a car crossing Beecher which had not reached the center line of the road. He estimated the speed of this car to be about 20 miles an hour, and that the collision occurred when the front of the Knowlan car was approximately five or six feet north of the center line of the intersection. He said he applied his brakes and did all he could to avoid the accident. He insists that he did not see the Knowlan car stop before entering the intersection.

On this appeal, no question is raised as to defendant's negligence, but he contends that plaintiff's driver was guilty of contributory negligence as a matter of law, and that under the rule of imputed negligence plaintiff cannot recover.

On the sole question thus presented, we must accept the testimony most favorable to appellee. *Rathburn* v. *Riedel*, 291 Mich. 652. That defendant's car was not between the intersection and the

crest of the hill when Knowlan stopped and looked is not a physical impossibility in view of the fact that it takes a few seconds to make observations, shift gears, and proceed. Where reasonable minds may differ as to contributory negligence attributable to plaintiff, that negligence must be considered a question of fact rather than of law. *Adams* v. *Canfield*, 263 Mich. 666. The finding of the trial judge is supported by the evidence. *Lefevre* v. *Roberts*, 250 Mich. 675; *Lindzy* v. *Swaab*, 263 Mich. 264.

The judgment is affirmed, with costs to appellee.

NORTH, STARR, WIEST, and BUTZEL, JJ., concurred with BUSHNELL, J. BOYLES, C. J. and SHARPE, J. concurred in the result.