## HESS v. ROBINSON et al.

No. 6847.   Decided November 16, 1945.   (163 P. 2d 510.)

See 42 C. J., Motor Vehicles, sec. 1049; 5 Am. Jur., 890.

*Robert A. Burns, E. C. Jensen,* and *H. P. Thomas,* all of Salt Lake City, for appellants.

*Stewart M. Hanson, Willard Hanson,* and *D. N. Straup,* all of Salt Lake City, for respondent.

LARSON, Chief Justice.

This appeal from the District Court of Salt Lake County presents a single question: Was the negligence of the plaintiff, as a matter of law, a proximate cause of the accident?

On April 6, 1944, an automobile used by defendants as an ambulance collided with a truck driven by plaintiff at the intersection of Grant Avenue and 31st Street in Ogden

City, Utah. About 11:30 a. m., plaintiff was driving at 15 miles per hour southward on Grant Avenue, described as a "through street," "stop street," or "arterial highway;" that is, there were "stop signs" against traffic entering Grant Avenue from either side. Defendants were driving their ambulance eastward on 31st Street at a speed variously estimated by the witnesses at from 25 to 50 miles per hour as it approached the intersection with Grant Avenue. The point of collision was about three feet west of the center point of the intersection. The court instructed the jury that both parties were guilty of negligence as a matter of law, but submitted to the jury the question as to whether defendants' negligence was a proximate cause of the accident, and as to whether plaintiff's negligence proximately contributed to the accident. The jury returned a verdict in favor of plaintiff.

No exceptions to the charge that would disturb the verdict are urged by either party. For the purposes of this appeal it is admitted that the evidence sustains a finding that defendants were negligent and that such negligence was a proximate cause of the accident, leaving only the question as to whether the negligence of the plaintiff was, as a matter of law, contributory. "Contributory negligence" is a term used to designate the negligence imputed to the plaintiff, for the purpose of distinguishing it from the negligence imputed to the defendant. It is a concurring negligence—a negligence which exists independent of, and exists without regard to, the negligence of the defendant. But its role in causing the accident is not independent of the defendants' negligence. Its existence is tested and determined by the same characteristics and kinds of tests as may be applied in determining the negligence of the other party. For negligence to be "contributory" or "concurring" assumes the existence of negligence of the other party which negligence proximately caused the accident. If there was no negligence on the part of defendant, plaintiff's acts or omissions would be the proximate cause of the accident—it would not be a cause that helped, had a share in, or lent its force

in producing or bringing about or causing the accident. It could not "contribute" unless there was some other negligence with which it combined, or to which it added or contributed forces or conditions which became active elements in causing the accident and the effects thereof.

For plaintiff's negligence to be a defense for the defendant, it must not only exist at the same time and place as conditions created or the forces put in operation by the negligence of defendants, but it must set in operation a force, or create a condition, which had a share in producing the injury. Proximate cause of an injury means that the injury was the natural and probable consequence of the negligence and such as ought to have been foreseen in the light of attending circumstances, that is, a consequnece which a person of ordinary foresight and prudence would have anticipated. *Arkansas Valley Trust Co*. v. *McIlroy*, 97 Ark. 160, 133 S. W. 816, 31 L. R. A., N. S. 1020. To be a proximate cause of an injury it must be an efficient act of causation and separated from its effect by no other act of causation. There must be a causal connection between the act or omission and the subsequent injury.

"The law does not search for the more remote agencies by which an injury is brought about or made possible, but holds the last conscious agent in producing it responsible therefor." *Miner* v. *McNamara*, 81 Conn. 690, 72 A. 138, 140, 21 L. R. A., N. S., 477.

It is one that directly causes or contributes directly to causing the result. It must be such action that a person of ordinary caution and prudence would have foreseen that some injury would likely result therefrom. The nearest independent cause which is adequate to and does bring about an injury is the proximate cause thereof. *Seith* v. *Commonwealth Elec. Co*., 241 Ill. 252, 89 N. E. 425, 24 L. R. A., N. S. 978, 132 Am. St. Rep. 204. The efficient and predominating cause is considered in law as the proximate cause, although subordinate and independent causes may have existed. In determining proximate cause courts will not so indulge in refinements and subtilities as to defeat substantial justice.

"The proximate cause is the efficient cause; the one that necessarily sets the other causes in operation, [and those] merely incidental, or instruments of a * * * controlling agency, are not the proximate causes * * * though they may be nearer in time to the result." *Indianapolis St. R. Co.* v. *Schmidt*, 163 Ind. 360, 71 N. E. 201, 202.

By "proximate cause" is intended an act which directly produced, or concurred directly in producing, the injury. By "remote cause" is intended that which may have happened and yet no injury has occurred, notwithstanding that no injury could have occurred if it had not happened. The term "proximate cause" was originally substantially the same as causa causans, or the cause necessarily producing the result. But the practical construction of the term by the courts has now come to be the cause which naturally led to, and might have been expected to produce, the result. It is a probable cause, one which leads to or may naturally be expected to produce the result. In *Stone* v. *Union-Pac. Railroad Co.*, 32 Utah 185, 89 P. 715, 716, this court said:

"Where an act is one which a person in the exercise of ordinary care could have anticipated as likely to result in injury, then he is liable for any injury actually resulting from it, although he could not have anticipated the particular injury which did occur." See also Restatement of Law of Torts, Vol. II, Sec. 431; Harper on Torts, Sec. 110; *Cole* v. *German Savings & Loan Soc.*, 8 Cir., 124 F. 113, 59 C. C. A. 593, 63 L. R. A. 416.

When the structure erected by the parties from the evidence is set upon this foundation, does it fit so snugly as to leave but a question of law for the court, or does it require such adjustments as to provide a question for the jury?

On appeal, the only negligence claimed against the plaintiff is the failure to look to the right down 31st Street to see if there were any cars approaching before he entered the intersection. Upon this neglect is set the claim that had he looked he would have seen the ambulance coming and, as a reasonable man, would have anticipated danger and

stopped until the ambulance had passed through the intersection. That one approaching an intersection, even on an arterial highway, is not excused from obeying the rules of the road, is elemental. Such person is under the legal duty of making proper observation of traffic approaching on intersecting highways and to use reasonable care and caution to avoid an accident. Even though he has the right of way and even though drivers on intersecting streets are required to stop before entering the intersection, the duty rests upon him to keep a lookout in all situations of which he may be aware. He may not proceed in disregard of danger which common knowledge teaches us may be present. He is under the duty of protecting himself from such acts of others as may be anticipated or foreseen as a source of danger. *Sine* v. *Salt Lake Transportation Co.*, 106 Utah 189, 147 P. 2d 875; *Bullock* v. *Luke*, 98 Utah 501, 98 P. 2d 350; *Richards* v. *Palace Laundry Co.*, 55 Utah 409, 186 P. 439. The trial court instructed the jury that the plaintiff was negligent in not so looking. But does it follow as beyond dispute that had plaintiff looked and seen the ambulance approaching, reasonable and prudent conduct would have dictated that he stop until the ambulance had crossed the intersection? Are the facts revealed by the evidence so clear and certain that the court could say that for plaintiff to drive into the intersection without stopping was not the act of an ordinarily prudent and careful man? Since such question must be answered from the circumstances existing at the time, we are immediately confronted with the question as to the speed of the ambulance. If the ambulance was coming at 50 miles per hour, as one witness testified, it might suggest to a reasonable man that the ambulance probably would not stop, or at least raise a reasonable apprehension of danger. If, on the other hand, as defendants testified, the ambulance was coming only 25 miles per hour (the course being upgrade), an ordinarily prudent man may conclude that the driver had his car under control and would stop as required by law at the stop sign. As to what the circumstances were at the time plaintiff entered

the intersection, and as to whether entering under such circumstances was an act from which a person of ordinary prudence and caution would have foreseen that some injury would likely result, are matters upon which reasonable minds may differ. As such they are properly for the jury. Proximate cause and contributory negligence are ordinarily questions of fact for the jury to determine under all the circumstances. *Great N. R. Co.* v. *Thompson,* 9 Cir., 199 F. 395, 118 C. C. A. 79, 47 L. R. A., N. S. 506; *Hales* v. *Michigan Cent. R. Co.,* 6 Cir., 200 F. 533, 118 C. C. A. 627. Questions of negligence do not become questions of law for the court except where the facts are such that all reasonable men draw the same conclusions. *Baltimore & Ohio R. Co.* v. *Taylor,* 4 Cir., 186 F. 828, 109 C. C. A. 172; *O'Donnell* v. *Riter-Conley Mfg. Co.,* 172 Ill. App. 601; *Heckman* v. *Evenson,* 7 N. D. 173, 73 N. W. 427.

"One of the most valuable tests to determine whether a negligent act was the proximate or remote cause of an injury is to determine whether a responsible human agency has intervened, sufficient of itself to stand as a cause." *The Santa Rita,* 9 Cir., 176 F. 890, 100 C. C. A. 360, 30 L. R. A., N. S., 1210.

Proximate causes is in nearly all cases a matter for the jury. *Pilmer* v. *Boise Trac. Co.,* 14 Idaho 327, 94 P. 432, 15 L. R. A., N. S. 254, 125 Am. St. Rep. 161.

Proximate cause of an injury is often a mixed question of law and fact, which should be submitted to the jury, and not one of law only, such as the Supreme Court could determine. *Chicago, R. I. & G. R. Co.* v. *Johnson,* 101 Tex. 422, 108 S. W. 964. But where the evidence is such that reasonable minds must draw the same conclusion as to whether an act was the proximate cause, it becomes a question of law for the court. *Devine* v. *Chicago, etc., R. Co.,* 259 Ill. 449, 102 N. E. 803. When the question is not involved in doubt and there is no conflict in the evidence, the court may decide the question as a matter of law. *Allison* v. *Fredericksburg,* 112 Va. 243, 71 S. E. 525, 48 L. R. A., N. S. 93.

∎

Since in this cause there is a question as to what were the circumstances existing when plaintiff entered the intersection, and where those circumstances may be found by the trier of the fact to be such that reasonable men might differ as to whether plaintiff's conduct in entering the intersection was such as an ordinarily prudent and careful man might do under the circumstances, there was a question for the jury as to whether plaintiff's negligence was contributory, that is, was a proximate cause of the injury.

It follows that the judgment should be, and is affirmed. Costs to respondent.

TURNER, J., concurs.

WADE, Justice (concurring in the result).

I concur that under the facts and circumstances of this case it was clearly a question for the jury to determine whether the plaintiff was guilty of negligence which proximately caused the injury. As to the abstract definitions of contributory negligence contained in the prevailing opinion, I express no opinion because I consider them unnecessary to a decision of this case.

WOLFE, Justice (concurring in the result).

I can concur only in the result. There are many abstract propositions of law laid down in the opinion which I do not consider necessary to the decision. Some of them are correct. Some I think are incorrect or inadequate. Others raise doubts in my mind which I think it unnecessary to resolve. It is very risky to attempt especially in the field of negligence, to draw an abstract from limited particularizations. The American Law Institute has in the Restatement of the Law of Torts, Vol. II, adopted and promulgated certain abstract propositions as the law on negligence, but only after years of consultation and analysis by a group admittedly among the ablest minds in the country in that field of law. If we are to choose statements of the abstract law in this field it would be well to choose the combined product

of these able minds. I think some of the statements in the opinion of the CHIEF JUSTICE will not square with the definitions and statements in the Restatement nor with what is generally understood to be the law. For instance: the opinion defines contributory negligence as

"concurring negligence—a negligence which exists independent of, and without regard to, the negligence of the defendant",

but adds

"But its role in causing the accident is not independent of the defendant's negligence."

This is quite confusing to me. The Restatement defines in Sec. 463, Vol. II, Restatement of Torts, contributory negligence as

"conduct on the part of the plaintiff which falls below the standard to which he should conform for his own protection and which is a legally contributing cause, *cooperating with the negligence of the defendant in bringing about the plaintiff's harm."* (Italics added.)

This definition is predicated on a dependence on and a regard to the negligence of the defendant and hence cannot

"exist independent of, and without regard to, the negligence of the defendant."

One may think of many situations where the defendant's negligence creates a situation calling for the exercise of prudence on the part of the plaintiff *in view of the conditions created by the defendant.* Only very recently in the case of *Thomas* v. *Sadleir,* 108 Utah 552, 162 P. 2d 112, we held that Bessendorfer, who might have been a plaintiff, must exercise care in respect to the negligent situation created by the defendant. The negligence of defendant, assigned in that case, was going across the center line in the zone for oncoming cars. The plaintiff, we held, must conduct himself in view of that situation when he learned or should have learned of it. If the latter part of the quota-

tion, stating that the role of the plaintiff's negligence in causing the accident is not independent of the defendant's negligence, performs the function of showing that one negligence must operate on, combine, concur with, or contribute to the defendant's negligence, I do not see the office of the first part of the quotation which seems to contradict the last part. If by the first part of the quotation is meant that the actions performed or conditions created by both plaintiff and defendant, each of which have the quality of negligence, must be solely the independent actions of each, I am still doubtful as to whether such would hold in all cases; but if it would what is gained by the statement except the mental exercise of trying to interpret what the author means and then trying to appraise its validity. Certainly each must be guilty of that omission or that act which constitutes his own negligence.

I assume that the statement reading:

"For negligence to be 'contributory' or 'concurring' assumes the existence of negligence of the other party which negligence *proximately* caused the accident" (italics mine)

does not imply that the contributory negligence was not also a proximate cause.

The statement that

"it [the contributory negligence] could not 'contribute' unless there was some other negligence with which it combined or to which it added or contributed forces or conditions which became active elements in causing the accident and the effects thereof"

does not seem to be accurate if it implies that there must be an order of succession in which the defendant's negligence was necessarily prior. There are many cases in which the plaintiff's so-called contributory negligence comes first. The word "contributory" does not imply quantum of negligence nor order in time of negligence but only that it is alleged that there is negligence to be ascribed to the plaintiff which contemporaneously or in some order of succession

proximately caused or contributed to the consequences. The statement in the opinion that the plaintiff's negligence to be a defense must exist at the same time and place as conditions created or the forces put in operation by the negligence of the defendants seems to be simply stating the obvious fact that before plaintiff's negligence is material, it or its consequences must be operating while the defendant's active or passive negligence is operating. Where the defendant's negligent action or a negligent condition caused by his conduct no longer exists when the plaintiff's negligence, or where a condition caused by it came into existence, there is, as I see it, no negligence on the part of defendant which proximately caused the accident.

There have been volumes written about proximate cause and many definitions attempted. If one is to study an opinion with abstract definitions, only the best should be chosen. One of the best I have found is by Sanborn in *Cole* v. *German Savings & Loan Soc.*, 8 Cir., 124 F. 113, 59 C. C. A. 593, 63 L. R. A. 416. Harper, in his work on Torts, p. 258, Sec. 110, defines "proximate" or "legal" cause as that used

"to denote the fact that the sequence of events through which the actor's tortious act or omission has brought about (in fact caused) the harm which another has sustained is such as to make it just to hold the actor responsible therefor."

But this immediately raises the difficulty of requiring some standards or guide to determine what is "just". It cannot be left to feeling.

Restatement of the Law of Torts, Vol. II, Sec. 431, attempts a simple and comprehensive definition as follows:

"The actor's negligent conduct is a legal cause of harm to another if

"(a) his conduct is a substantial factor in bringing about the harm, and

"(b) there is no rule of law relieving the actor from liability because of the manner in which his negligence has resulted in the harm."

A very helpful discussion of the terms "immediate" or "proximate" cause and its correlatives "natural and probable consequences" given in the light of the historical development of these concepts by the English cases is contained in Pollock on Torts, 10th Ed., pages 32 to 52.

The statement quoted in the opinion that:

> " 'The proximate cause is the efficient cause; the one that *necessarily* sets the other causes in operation, [and those] merely incidental, or instruments of a * * * controlling agency, are not the proximate causes, * * * though they may be nearer in time to the result' " (italics added)

may have clearer meaning related to the facts of the case from which it was taken but I think as an abstract it is confusing. In any case, perhaps the word "necessarily" would seem to be ill advised. Certain definitions given in the opinion may be valid in the light of definite facts but as comprehensive abstracts they may not cover many possible or even likely situations. That is one reason I deplore the setting out of many abstract propositions of law especially in this field which plague one critically reading an opinion and require endless time to analyze when they do not seem necessary to a decision of the case.

There is also contained in the opinion the following statement:

> "Proximate cause of an injury is a mixed question of law and fact, which should be submitted to the jury, and not one of law only, such as the Supreme Court could determine."

Assuming that this statement goes to the whole question of negligence and proximate cause, what is really meant by it? When the court instructs the jury as to what in law constitutes negligence and what constitutes due care, viz. what a prudent man similarly situated would not do or would do, it gives to the jury a guide but the jury must then use its common experience in life to put content into the terms "prudent" or "reasonable" man. In so doing, I do not think it is actually determining or enunciating the law. It rather applies the test which the court gives as to the

standard of care but determines as a *matter of fact* what a prudent man would or would not have done under the circumstances. I opine that some authorities have thought of the mental process of the jurymen in first finding the basic facts as to what really transpired and then taking the court's guide or standard of care and fashioning out of their own experience their idea of what a prudent man would or would not have done as involving a resolution by the jury of a question of mixed fact and law. It is quite true that it differs from the ordinary case involving a contract. In that case if two different juries would determine the facts the same, ordinarily they could, under proper instructions, find only for the plaintiff or defendant according as they determined the facts. But in negligence cases, even if the facts are found by two different juries exactly the same, one jury might find the conduct that of a prudent man and another not that of a prudent man. It may be thought of as if the jury in negligence cases found from conflicting evidence what actually occurred and how it occurred and then as the particular law of that case determined whether such was or was not the way a prudent man would have done or acted. In this sense, it is somewhat analogous to the Congress fixing guides, limits and standards in a law and leaving to the administrative agency within the field as so limited the right to make rules and regulations except that in the case of the jury it determines the matter for a particular situation whilst in the case of the agency the rules are made within the limited field of action or according to the guides and standards laid down for all situations of a certain class. One is found retrospectively; the other prospectively.

But it seems that the phrase "negligence is a question of mixed fact and law" may be used to denote a different judicial process than that mentioned above. What may be meant by that statement is not that the jury determines a question of mixed law and fact but that the court must as a matter of law first determine whether the evidence permits of a reasonable difference of opinion as to whether the

conduct of the plaintiff or defendant as the case may be "falls below the standard established by law for the protection of others [or, in case of plaintiff's contributory negligence, of himself] against unreasonable risk of harm."

If so, it is a question for the jury. This is essentially no different from the function of the court in other than negligence cases although it involves greater difficulties. The court first determines whether under the facts reasonable minds could draw different inferences or if the inferences are so balanced as not to permit one to be taken as against the other, or if reasonable minds must draw but one conclusion. If reasonable minds could reasonably differ or if the inferences are not equally balanced it is for the jury.

Restatement of Torts, Vol. II, Sec. 434, has it as follows:

"It is the duty of the court to determine whether, upon the facts which are admitted, found by special verdict or reasonably inferable from the evidence, the actor's conduct is a substantial factor in bringing about harm to another, unless the question is open to a reasonable difference of opinion, in which case it is to be left to the jury."

Pollock, in his Tenth Edition, pages 462, 463, has this to say:

"Whether due care and caution have been used in a given case is, by the nature of things, a question of fact. But it is not a pure question of the fact in the sense of being open as a matter of course and without limit. Not every one who suffers harm which he thinks can be set down to his neighbor's default is thereby entitled to the chance of a jury giving him damages. The field of inquiry has limits defined, or capable of definition, by legal principle and judicial discussion. Before the Court or the jury can proceed to pass upon the facts alleged by the plaintiff, the Court must be satisfied that those facts, if proved, are in law capable of supporting the inference that the defendant has failed in what the law requires at his hands. In the current forensic phrase, there must be evidence of negligence. The peculiar relation of the judge to the jury in our common law system has given occasion for frequent and minute discussion on the propriety of leaving or not leaving for the decision of the jury the facts alleged by the plaintiff as proof of negligence. Such discussions are not carried on in the

manner best fitted to promote the clear statement of principles; it is difficult to sum up their results, and not always easy to reconcile them."

See also Harper on Torts, Sec. 77, p. 181-182.

It is then not in the sense just stated a question of mixed law and fact which is submitted to the jury but the evidence is submitted for a finding of the ultimate facts subject to instructions as to the standards the law requires to be applied to determine such ultimate facts as may be found or if the inferences which reasonable minds may draw from the evidence cannot differ and there is no conflict in the evidence, it is for the court to say whether such evidence constitutes negligence and if so whether it is the proximate cause of the harm, unless the question of proximate cause after it is determined by the court that there was negligence was such as to require the judgment of the jury. In short the functions of the judge and jury are not mixed. The questions presented may involve a combination of fact and law questions but the same must be separated as in all cases by the court and the court and jury function as far as may be in their separate provinces.

I have devoted considerable time to a criticism of certain statements in the prevailing opinion not in any captious spirit but because I find from experience that where our opinions contain numerous abstract statements of the law capable of several interpretations or where a varying content of meaning may be poured into them, because they are too general or not sufficiently connected with the facts of the case in which they are contained to limit their meaning, they are readily seized upon as pronouncements of this court and vigorously advanced to do yeoman service in cases of dubious worth. They plague the trial courts and the bar. Much of the time of this court has been devoted to explaining needlessly inaccurate or ambiguous statements in former opinions which work might have been avoided if more care and thought had preceded the making of them or perhaps they had been omitted entirely. All I

desire to do in this opinion is to register caveats, and so as not to be merely negative to suggest what I deem to be more considered definitions, so that it cannot be said that there was unanimous unreserved approval of what I consider to be inadequate or questionable definitions. I now pass to the simple grounds upon which I rest my conclusion of affirmance.

In the first place, the trial court was distinctly in error in instructing the jury that the plaintiff was guilty of negligence as a matter of law. Under the facts of this case it would have been less near to error to have instructed the jury that he was in law not negligent although I rather think that whether he was negligent was a question for the jury. The court may have been misled by our case of *Bullock* v. *Luke*, 98 Utah 501, 98 P. 2d 350. But the facts of that case were far different from those in this case. In that case there was no stop sign—no designation of arterial highway. In that case Bullock on a motorcycle having the right of way failed to look to his left although his view was unimpeded and therefore failed to ascertain whether Luke, driving a truck, was going to afford him (Bullock) the right of way which the law gave him. Had he looked, or under one interpretation of his testimony, when he did look, he could and should have seen that Luke, coming "mighty fast" was not going to afford him the right of way. We held, whether rightly or not, that as a matter of law Bullock was negligent. I am not so sure that we were correct in not leaving to the jury the question in that case as to whether Bullock's negligence was a legal or proximate cause of his injury, since at all events he had the right of way. But we held it a salutary rule that one who has the right of way still has the duty not to exercise it if he did or could have timely ascertained that another was not going to give it to him and that his insisting upon his right of way under those circumstances was contributory negligence.

In this case the plaintiff was in law in no such position. Whether he could have ascertained from a view up 31st Street that the driver of the ambulance was not going to

stop or at what point he could have so ascertained it, if he could have done so at all, until it was too late to stop, is strictly, under the facts of this case, for the jury. He was on an arterial. He could rely on the ambulance stopping before he reached the intersection until he was or should have been definitely aware that it was not going to do so. At that time he may have been well out in the intersection. Only at that point did his duty to stop or accelerate his speed—viz. attempt to avoid the accident, begin. Only then if he had not acted as a prudent man would have acted under the circumstances would he be guilty of negligence. And even at that point if defendant thrust upon him the necessity of exercising a quick choice of action the jury should take that factor of emergency judgment into account in determining whether he was contributorily negligent. See Sec. 470, Vol. II, Restatement of Torts.

Thus, the court was in error in instructing the jury that plaintiff was negligent as a matter of law. But the court left to the jury the question of whether such negligence proximately contributed to the injury, i. e., as to whether it was a substantial factor in bringing about the harm. The jury found that it was not. Hence we have a verdict favorable to plaintiff despite a handicap which the erroneous instruction exposed him to. The judgment should, for the reasons I have stated, be affirmed and for that reason I concur in the result.

McDONOUGH, Justice, concurs in the opinion of Mr. Justice WOLFE.