## NIELSON v. MAUCHLEY.

No. 7203.   Decided February 11, 1949.   (202 P. 2d 547.)

See 42 C. J., Motor Vehicles, sec. 909; 5 Am. Jur. 742. Violation of law in respect to right of way, note, 172 A. L. R. 737.

*Newell G. Daines,* of Logan, and *L. DeLos Daines,* of Salt Lake City, for appellant.

*Merrill C. Faux,* of Salt Lake City, for respondent.

WADE, Justice.

John W. Nielson, plaintiff below, filed suit to recover for damages to his car and for injuries sustained by him in a collision of his car with a school bus driven by defendant below. From a judgment on a directed verdict of "no cause for action" plaintiff appeals.

It needs no citation of authorities that where a verdict is directed by the court of "no cause for action" this court will view the evidence in a light most favorable to plaintiff in determining whether the court erred in taking the case from the jury. In the instant case a jury could reasonably have found from the evidence introduced at the trial: That on the morning of January 9, 1947, the plaintiff was driving his automobile in an easterly direction along the College Ward and Melville Road, which is an 18 foot hard surfaced public highway with six foot shoulders on each side, which runs in an easterly and westerly direction and is located in Cache County, Utah; that this road was icy and slick; that defendant's home was located on the north side of this road and his fence line was about 24 feet from the north shoulder; that as plaintiff approached at a point about 300 feet west of defendant's home, he saw the school bus being backed out of the yard and that when

plaintiff reached a culvert which was about 243 feet from defendant's driveway, he had reduced his speed from 25 miles per hour which was the rate at which he had been driving to 20 miles per hour; that at that time the back of defendant's 29½ foot bus had reached the shoulder of the road; that plaintiff continued driving at 20 miles per hour until he was about 115 feet from defendant's driveway when he applied his brakes but because of the slippery condition of the road could not stop his car; that defendant had backed his bus clear across the road in a southeasterly direction and stopping just long enough to shift gears had started forward in a northwesterly direction but that plaintiff upon seeing defendant's bus back all the way across to the south half of the road, turned his car onto the north half of the road since he could not get around the back of the bus on the south side because a fence and telephone pole obstructed that side; that just as plaintiff started turning to the north side, defendant pulled his bus forward and came into the north lane whereupon plaintiff ran into the rear left wheel of defendant's bus which had just cleared the center of the road to the north.

The court took the view that plaintiff having seen defendant back his bus out of his yard when he was at least 250 feet away and being unable to stop his car without skidding and sliding into defendant's bus, proved that plaintiff was traveling at a rate of speed which was too great for existing conditions and that his negligence contributed toward his injury and therefore as a matter of law he could not recover for it.

In so holding, the court could not have taken into consideration the fact that it could be reasonably found that at the time plaintiff first saw defendant's bus being backed out of the yard, he was approximately 300 feet away from defendant's driveway and the bus had not yet been backed onto the highway and that he then had no reason to believe that defendant would not yield him the right-of-way. At that time it was reasonable for plaintiff to assume that de-

fendant would stop his bus before entering his (plaintiff's) course of travel on the south side of highway in compliance with Section 57-7-139, U. C. A. 1943, which provides that:

"The driver of a vehicle about to enter or cross a highway from a private road or driveway shall yield the right-of-way to all vehicles approaching on said highway."

Plaintiff had continued traveling and had covered about half the distance from the place he first saw defendant's bus before he became aware that defendant apparently was not going to yield the right-of-way. He applied his brakes, but then it was too late and he was unable ■ to stop in time to avoid a collision. Under such circumstances, it cannot be said as a matter of law that plaintiff is precluded from recovering damages because his negligence, if any, contributed toward his injuries. That question should have been submitted to the jury. As stated by the Wisconsin Supreme Court in the case of *Kasper* v. *Kocher,* 240 Wis. 629, 4 N. W. 2d 158, on pages 160, 161:

"* * * Such violations of subsecs. (8) and (9) of sec. 85.18, Stats., [Failure to stop and failure to yield the right-of-way] by drivers emerging suddenly from a private driveway onto a public highway, and particularly where the view of the car so emerging is obstructed, constitute some of the greatest dangers confronting the users of highways. In this case, as often under similar circumstances, there probably would have been no collision at all had Kasper observed the statutory duties to stop before crossing at the near limits of the roadway and to yield the right of way to the truck approaching thereon. As Kocher had the right to assume that Kasper would perform these duties and also exercise ordinary care in all other essential respects, Kocher, in approaching with the truck entirely on the north half of the roadway of S, was not obliged to reduce his speed, or stop, or alter his course until it ought to have become apparent to him that Kasper was not only going to fail to stop before crossing the near limits of the roadway, but was also going to fail to yield the right of way to Kocher to proceed along the north half of the roadway. * * *"

In holding that the court erred in finding as a matter of law that plaintiff was guilty of contributory negligence, we do not wish it understood that the jury could not have so

found. Whether or not plaintiff acted as a reasonably prudent man under the circumstances is a question of fact for the jury to determine. The mere fact that plaintiff had the right of way did not give him a right to proceed without regard to existing conditions. He must exercise due care and act as a reasonably prudent man would act under all the existing circumstances. See *Bullock* v. *Luke,* 98 Utah 501, 98 P. 2d 350; *Hickok* v. *Skinner,* 113 Utah 1, 190 P. 2d 514; *Conklin* v. *Walsh,* 113 Utah 276, 193 P. 2d 437; and *McDougall* v. *Morrison,* 55 Cal. App. 2d 92, 130 F. 2d 149, on page 151, wherein it is stated:

"The true rule is that, under the section of the Vehicle Code above quoted, it is made the duty of the driver of an automobile entering the highway from a private drive to look for approaching cars, and not to proceed if one is coming, unless, as a reasonably prudent and cautious person he believes, and has a right to believe, that he can pass in front of the other in safety. * * *

"Each case must turn upon its own facts. Contributory negligence as a matter of law, can only be found where reasonable minds cannot but conclude that a reasonably careful and prudent person situated as was plaintiff would not have acted as he did. The situations where a court will so declare are rare. * * *"

In our dicussion we have only considered facts most favorable to plaintiff, and have not discussed the evidence of the defendant. A jury might find from all the circumstances that the facts and circumstances we have assumed did not exist and that the accident happened in accordance with defendant's version. If a jury so found the facts, plaintiff could not recover.

Since the court erred in directing a verdict of "no cause for action" the case is reversed with instructions to grant a new trial. Costs to appellant.

PRATT, C. J., and WOLFE, LATIMER and McDONOUGH, JJ., concur.