314 P.2d 840

Chester William WRIGHT, Appellant,

v.

SALT LAKE TRANSPORTATION COM-
PANY, a corporation, Respondent.

No. 8615.

Supreme Court of Utah.

Aug. 28, 1957.

Robert Gordon, J. Grant Iverson, Salt Lake City, for appellant.

H. R. Waldo, Jr., Salt Lake City, for respondent.

McDONOUGH, Chief Justice.

This is an appeal from a pretrial dismissal of an action for personal injuries and property damage suffered in an intersection collision on January 26, 1955, at Main Street and Robert Avenue in Salt Lake City, Utah.

Main Street at this point is a four-lane highway, and Chester William Wright, the plaintiff and appellant herein, was proceeding north in the outside lane—the lane closest to the east side of the road. The defendant's driver, Lambert, was going east on Robert Avenue, and he had either stopped at a stop sign or somewhat beyond it, and had started to move slowly across the west lanes of Main Street which, pre-

sumably, were free from southbound traffic. A building obstructed the view of the stop sign from the Main Street northbound traffic, and if a car had stopped at the stop sign its driver could not have seen south far enough to view approaching traffic.

Plaintiff, Wright, seeing the defendant's car from about 90 feet away, applied his brakes; whereupon he hit a stretch of road ice and slid across the inside northbound lane to the approximate center of Main Street, colliding at that point with defendant's car driven by defendant's employee, resulting in the damage alleged. Main Street was clear and dry except for a portion thereof south of the intersection where the shadow of a building prevented a thin layer of ice, unobserved by plaintiff, from melting. Defendant's driver had been moving very slowly, and was either stopped or in the process of stopping to allow plaintiff's vehicle to pass. He did not, according to an interpretation most favorable to plaintiff, extend more than slightly into the west northbound traffic lane on Main Street, if he crossed the center line at all. In any event he did not infringe upon the projected path of the plaintiff's vehicle, since plaintiff was traveling in the outermost lane. On these facts the district judge in a pretrial hearing dismissed the cause of action on the ground that they failed to sustain the claimed liability of defendant.

Plaintiff argues that Lambert should have stopped at or in proximity to the stop sign and remained stopped until all traffic had passed prior to entering Main Street even though he may have had to poke slightly into the street to see beyond the building.

Defendant, on the other hand, contends that the mere proceeding of Lambert with restraint and caution, whether or not he stopped at the sign, was not of itself evidence of negligence if he did not in fact cross the path of plaintiff's car; that the accident caused by skidding on ice was unavoidable; and that even if Lambert may have been negligent in failing to stop at the stop sign, the negligence in no way was the proximate cause of the accident.

In support of the contention that plaintiff had the right of way at the intersection of Main Street and Robert Avenue, plaintiff cites Bullock v. Luke, 98 Utah 501, 98 P.2d 350 and Hickok v. Skinner, 113 Utah 1, 190 P.2d 514. These cases in no way aid him. They involve situations where the one held to be guilty of negligence had trespassed into the project path of the other party. Such is not the case before us. Here, defendant after having stopped at the stop sign or at a point beyond it where the view southward was unobstructed, proceeded cautiously across the portion of the street reserved for southbound traffic. In so doing, he could not be held to have reasonably foreseen that plaintiff would, upon application of his brakes, be propelled, because of the presence of undiscernible ice, into defendant's vehicle. But for the pres-

ence of the patch of ice, plaintiff could have proceeded, whether or not he applied his brakes, on his path with at least a traffic lane between the vehicles.

Whether viewed from the standpoint of violation of duty or of proximate cause, the record supplies no basis for finding defendant liable. The judgment is affirmed. Costs to respondent.

CROCKETT, WADE, WORTHEN and HENRIOD, JJ., concur.