**262 P.2d 760**

**BECK v. JEPPESEN et al.**

No. 7960.

Supreme Court of Utah.

Oct. 30, 1953.

---

4. Sec. 77–42–1, U.C.A.1953; State v. Cluff, 48 Utah 102, 158 P. 701.

128

C. N. Ottoson, Salt Lake City, for appellants.

Clair M. Aldrich, Aldrich & Bullock, Provo, for respondent.

McDONOUGH, Justice.

Respondent Beck received a judgment in the lower court for the sums of $564 general damages and medical expenses and $590 damages to his automobile in an action tried without a jury and based upon a collision with appellant Jeppesen's delivery truck, then driven by his agent, appellant Harward. The accident occurred at an intersection of two alleys located in the middle of a block in the business section of Provo City. Plaintiff, respondent herein, was driving in an easterly direction and defendants were driving north; the collision occurred when the two automobiles came upon each other at the corner of the Paramount Theater building, located on the Southwest corner of the alley intersection in such a manner that it blocks the view from either alley as to the approach of cars from the other alley. Both parties testified that as soon as each saw the other automobile, he applied his brakes but the collision occurred, knocking plaintiff's automobile across the alley and smashing the left side of his car against a telephone pole. The left side of the automobile was the most severely damaged but the greater part of the testimony was devoted to the condition of the right side of plaintiff's car in an attempt to show that plaintiff had the right of way in the intersection; plaintiff's testimony indicated that the damage to the right side of his car began behind the right front wheel. Defendants claim that after their truck had stopped, plaintiff went past scrubbing the entire length of the plaintiff's car along the truck bumper. Both cars were just starting up after having been stopped in the respective alleys. Defendants estimated plaintiff's speed at 25 to 40 miles per hour; plaintiff claims that he was going about 10 miles per hour. Defendants estimated their own speed at 3 to 5 miles per hour.

Defendants' theory of the case is that their truck was in the alley intersection before the car of the plaintiff, that defendant Jeppesen, owner and passenger in the truck driven by defendant Harward, saw plaintiff's car approaching at a distance of 30 to 40 feet away at a high rate of speed and shouted "Hold it!" whereupon Harward applied the brakes, stopping at a position where the nose of the truck was two feet beyond the Paramount building, after which plaintiff continued by, scrubbing the right side of his car against defendants' bumper. Under these facts, defendants contend that (1) plaintiff's evidence does not support a finding that defendants were negligent nor does such evidence support a finding that defendants' negligence, if any, was the proximate cause of plaintiff's injuries and (2) that the lower court should have found that plaintiff was contributorily negligent as a matter of law and from the facts.

It is clear from the evidence presented by both sides that this is not a case where either party claims that the accident occurred as a result of both claiming the right-of-way at the same time. Each testified that he saw the other 20 to 40 feet away and that one or the other was necessarily in the intersection before either party could see the other. The trial court determined that it was the plaintiff. Under these circumstances, we examine the evidence to determine whether there is evidence to support this finding. If so, the finding will necessarily lead to the conclusion that the defendant was negligent in failing to stop before the collision occurred. Plaintiff is entitled to have this court consider all evidence, and every inference fairly arising therefrom, in a light most favorable to him since he recovered judgment in the lower court. Toomer's Estate v. Union Pac. R. Co., Utah, 239 P.2d 163; Lewis v. Rio Grande Western Ry. Co., 40 Utah 483, 123 P. 97.

 Evidence for plaintiff on this matter was to the effect that the right side of his car was damaged only from behind the front right wheel to the back of the automobile as corroboration of his testimony that he entered the intersection first. The trial court believed this evidence and, because defendants could have stopped within the intervening distance it would appear that defendants were negligent in failing to keep a lookout for cars traveling from the opposite direction. Plaintiff testifies further that the driver of the truck approached him after the collision saying that he was sorry, that he didn't see plaintiff.

The finding of the trial court that defendants failed to keep a proper lookout and that had they done so, the driver of the truck would have had ample opportunity to have stopped before colliding with plaintiff's car is supported by the evidence.

 Defendants argue that plaintiff was contributorily negligent in exceeding a safe speed and in failing to keep a proper look-

out. The first is a question of fact resolved in favor of plaintiff by the court from plaintiff's testimony that he was going 10 miles per hour, that he was in the intersection first, and that he applied his brakes when he saw defendants' truck approaching. Defendants claim that his speed was considerably greater than that—25 to 40 miles per hour. If plaintiff were going that fast it would have been impossible, assuming that it was he who was in the intersection first, for him to have stopped within the intersection; the speed of the car would have carried him beyond the 12-foot alley before he could have effectively applied his brakes. Defendants' evidence to the effect that they were traveling merely 3 to 4 miles per hour is set forth as rendering plaintiff's evidence highly improbable since it would have taken them several seconds to cover the 20 to 30 feet distance to the intersection. The trial court could only have decided the case by disbelieving the evidence presented by one side or the other; the defendants' testimony in no way discredits plaintiff's testimony to the effect that he did not know how fast defendants were traveling. Additionally, plaintiff testified that he applied his brakes so that his car stopped or slowed within the intersection at the time it was hit.

■■ . As to the second proposition, defendants contend that under the rules of Hess ·v. Robinson, 109 Utah 60, 163 P.2d 510, Bullock v. Luke, 98 Utah 501, 98 P.2d 350, 352, and Martin v. Stevens, Utah, 243 P.2d 747, the trial court should have found as a matter of law that plaintiff was contributorily negligent in failing to keep a proper lookout.

In the case of Bullock v. Luke, supra, it is said:

"There is no arbitrary rule as to the time and place of looking for vehicles on an intersecting road, and no particular distance from the intersection is prescribed for that purpose. The general standards are that observation should be made at the first opportunity and at a point where observation will be reasonably efficient for, and conduce to, protection."

If plaintiff's evidence is believed, he looked up the intersecting alley at the first opportunity, after his car had sufficiently cleared the building to give him a view, saw defendants' truck, and applied his brakes. The trial court must have believed plaintiff's evidence of a cautious speed on the approach to the intersection. Defendant further contends that plaintiff failed to exercise the greater duty of care imposed where automobiles are approaching a blind intersection. The law cannot impose such great duties upon parties to an intersection accident so as to virtually tie up traffic at every block by making each responsible for possible negligence of the other; the duty imposed is one of due care under the circumstances—he need not stop at the intersection if it reasonably appeared to him that he had the right of way and that col-

lision was not reasonably to be apprehended. Martin v. Sheffield, 112 Utah 478, 189 P.2d 127. While there was some adverse evidence as to whether plaintiff's conduct was reasonable under the circumstances, where the evidence is in conflict as to whether plaintiff was contributorily negligent, the question is for the trier of the fact. Martin v. Sheffield, supra.

Judgment of the trial court is affirmed. Costs to respondent.

WOLFE, C. J., and CROCKETT, HENRIOD and WADE, JJ., concur.