290 P.2d 689

Vernon J. MALSTROM et al., Plaintiffs
and Respondents,

v.

CONSOLIDATED THEATRES, Incorporat-
ed, Defendant and Appellant.

No. 8361.

Supreme Court of Utah.

Dec. 9, 1955.

Merrill C. Faux, Salt Lake City, for appellant.

M. Scott Woodland, Salt Lake City, for respondents.

CROCKETT, Justice.

Defendant appeals from a judgment awarding overtime, vacation and other pay to its moving picture projectionists, under contracts with a union of which plaintiffs are members.[1]

The claims sued on are of four classes, which for convenience we designate by letters: (A) standby time, (B) vacation pay, (C) overtime, and (D) shift pay at the Gem Theatre.

The "old contract" under which the parties were operating was, by its terms, to expire December 1, 1952. The parts of interest here provide with respect to item (A) that the regular projectionist must be present whenever any replacements or repairs or other work was done on sound or projection equipment, and as to item (B) provide for one or two weeks' vacation with pay, depending on the length of employment. Prior to the expiration of the "old contract" negotiations were carried on looking toward another. On November 25, 1952, a very brief document entitled "Tentative Agreement" was executed. The provisions material here relate to item (C) that overtime should be paid at all drive-ins for all work after midnight, and to item (D) that pay at the Gem Theatre was reduced from $15 to $13 per shift.

The trial court found for plaintiffs and awarded them judgment on items (A) standby time, (B) vacation pay, and (C) overtime pay for work after midnight, but rejected item (D), additional shift pay claimed at the Gem Theatre and found for the defendant on that item.

1. Local 250, International Alliance of Theatrical Stage Employees and Moving Picture Operators of the United States and Canada.

■ Defendant contends that the findings adverse to it are not supported by evidence, and also that they are inconsistent, and therefore so capricious and unreasonable that they should be set aside as a matter of law. In assaying this charge, it is our duty to review the evidence in the light most favorable to the findings of the trial court.[2]

■ With respect to items (A) standby time, and (B) vacation pay, the defense asserted is that the "tentative agreement" entirely supplanted the "old contract" and that inasmuch as it made no provision for such payments the defendant was no longer obligated to furnish them. Contra to this plaintiffs insist that it was implicit during negotiatons that the old contract should be continued except for modifications expressly made in the "tentative agreement" of November 25, 1952. They further maintain that it is a general custom, known to both parties, to re-negotiate only certain portions of union contracts and to leave the old contracts in effect except as to matters which are re-negotiated. It is of some significance that the new "tentative agreement" contains no language expressly indicating that it entirely supplants the prior contract, but refers only to the specific conditions upon which new agreement was reached. The trial court found that the "old contract" was still in force as to these items. Under the cardinal rule of review on appeal,[3] the finding will not be disturbed.

■ It is as to items (C), the overtime after midnight, and (D) relating to shift pay at the Gem Theatre that the defendant says that the findings are inconsistent. We are not in disagreement with the idea it suggests that if, on the same evidence, the trial court should make findings of fact necessarily contrary to each other, such action would be capricious and that such inconsistent findings should not be permitted to stand. However, analysis of the evidence pertaining to the issues just referred to reveals that there is actually a substantial difference in the proof supporting them.

■ In regard to the latter items, (C) overtime, and (D) reduction in shift pay at the Gem Theatre, defendant admits that they are covered by the new "tentative agreement" but its position is that notwithstanding that fact, it was modified by oral notice and by acceptance by the plaintiffs. This plea of modification, being an affirmative defense, cast upon the defendant the burden of proving it by a preponderance of the evidence. Defendant maintains that this burden was met and that the fact is incontrovertible. In support there-

---

2. Beck v. Jeppesen, 1 Utah 2d 127, 262 P.2d 760.

3. If there is any substantial evidence supporting the finding it will not be disturbed. Martindale v. Oregon Short Line R. Co., 48 Utah 464, 160 P. 275, 277.

See Seybold v. Union Pac. R. Co., Utah, 239 P.2d 174, 177. Countless opinions have attempted to appraise and state in various language the quantum of proof required. 9 Wigmore, 3rd Ed., Sec. 2494.

184

of they point to the evidence that in the spring of 1953, after it hired a Mr. Trathen as general manager, certain discussions were had with representatives of the Union in which he advised them concerning item (C) that he would no longer pay overtime solely because the time worked was after midnight, but would pay only if the shift had exceeded five hours; and that with respect to item (D) he similarly advised that the wages at the Gem Theatre would be reduced from $13 to $11 per shift.

██ Concerning item (D) the evidence discloses that upon being advised by Mr. Trathen that Consolidated could not continue to pay projectionists at the Gem Theatre more than $11 per shift, the Union president, Mr. Farris, promised to try to obtain Union approval for that cut in salary; and that he discussed the matter with the executive board in the presence of one of the projectionists. Although the executive board refused to agree to the cut, the projectionists, with knowledge of the above facts, continued working and accepted pay checks in the smaller amount. Under the familiar rule above referred to,[4] the trial court could properly find that this action constituted an acceptance of a modification of the "tentative agreement" and that therefore the claims by the Gem employees in that regard should be disallowed.

Defendant insists that this finding of modification as to item (D), relating to the shift pay just referred to, is inconsistent with a finding of no modification as to item (C), the overtime pay, because it avers that the proof with respect to these two items is parallel in that it is undisputed that Trathen also gave notice to the employees concerning discontinuance of payment of overtime after midnight, and that the employees continued to work after such notice.

██ If it be assumed, as defendant insists it must be, that Mr. Trathen informed the Union's business agent that Consolidated would no longer observe the overtime provisions of the written contract, that does not conclude the matter. It is hornbook law that one party to a bilateral contract cannot terminate it by unilateral action. It is true that the projectionists did continue working for Consolidated. However, neither they nor their representatives agreed to the cut, but they persisted in asserting their claims for this overtime, calculating the wages due them on the time slips they turned in, and continuing to list as back pay the difference between the amount actually paid and the amount of overtime due as provided for by the contract.

The trial judge was not persuaded by a preponderance of the evidence that the employees had agreed to a change in the written "tentative agreement." His action in refusing to find as defendant requested does not have to be supported by "substantial evidence." On the contrary, such refusal to make a requested finding may be justified by a lack of evidence.[5] The only

4. See note 3, supra.

circumstance under which we would be warranted in overturning the trial court's determination would be if the evidence were such that no reasonable person could remain unconvinced that plaintiffs agreed to the change in the contract, which we do not regard to be the situation here.

Judgment affirmed. Costs to respondent.

McDONOUGH, C. J., and HENRIOD, WADE and WORTHEN, JJ., concur.

5. See Ray v. Consolidated Freightways, 4 Utah 2d 137, 289 P.2d 196, 201.