389 P.2d 732

Joseph P. McCARREN, d/b/a McCarren Plumbing and Heating Co., Plaintiff and Respondent,

v.

Charles S. MERRILL, Defendant and Appellant.

No. 9857.

Supreme Court of Utah.

March 3, 1964.

4. Supra, note 2.

Dansie & Ellett, Walter R. Ellett, Murray, for appellant.

George M. McMillan, Salt Lake City, for respondent.

CROCKETT, Justice.

From a judgment for the plaintiff for $1,510.90 as the reasonable value of installing plumbing in an apartment house for the defendant and dismissing defendant's counterclaim for damages, the defendant appeals.

On October 5, 1960 the parties signed a contract by which the plaintiff agreed to do the plumbing referred to for the sum of

$2,981.00. The contract did not provide a time limitation for the work nor specify the time for payment. Plaintiff who had been in the plumbing business for 20 years, testified that it was the custom to bill for payment by the 10th of each month as the work progressed, so that he could meet accruing obligations for labor and materials, and that the defendant orally so agreed. The trial court so found.

The work was commenced in October. On November 10, plaintiff rendered his bill for $1,800 for work already done. But the defendant did not pay, saying that he was having trouble with the government. In December the plaintiff again requested payment, which was still not forthcoming. Plaintiff notified defendant that he would do no further work until at least $1,000 was paid on the bill. No payment was made until January 10, 1961, when $500 was paid on the account, which had grown to $2,110.90. The plaintiff refused to return to the job unless the additional $500 he had demanded was paid. This was not done and the defendant hired another plumber to complete the work.

Defendant refused to pay plaintiff for the work he had done on the ground that he had breached and refused to complete his contract. By way of counterclaim, defendant attempted to prove that because of mistakes and inadequacy in plaintiff's plumbing, it cost $893.83 more than the contract price to complete the job; and sought additional damages for rentals allegedly lost because of the delay in completing the apartments.

Inasmuch as the written contract was silent as to the time of payment, it was proper for the trial court to supplement it by finding as to the parties' oral agreement in accordance with the plaintiff's evidence that payments were to be made as the work progressed. See Charlton v. Hackett, 11 Utah 2d 389, 360 P.2d 176. That is the controlling issue in the case. The contract being so established, there is a sound foundation for the court's further findings that it was the defendant who breached the contract by failing to pay as agreed, and that because of that fact the plaintiff was justified in refusing to complete it. Under such circumstances, allowing the plaintiff to recover for the reasonable value of the work he had done was simply what justice required.

The finding of the agreement for payment and the defendant's breach is also of controlling importance as to defendant's counterclaim. It similarly provides a sound foundation for the court's determination that the defendant was not entitled to damages incurred because of the plaintiff's failure to complete the contract. Additionally, it is to be observed that the defendant's evidence left a great deal to be desired in that the plumber who finished the work, a Mr.

L. G. Christensen, in testifying concerning instances in which the original plumbing was ripped out and had to be redone, commented, "that it was not the fault of the plumber."

We are not persuaded that the trial court was in error in concluding that the defendant failed to establish that any loss or damage suffered by him was the proximate result of any fault of the plaintiff. The resolution of the dispute in this case is governed by the old and oft repeated rule that where the evidence is in conflict, it is the trial court's prerogative to believe that which he finds more convincing, and that his findings will not be disturbed on appeal so long as there is some substantial evidence to support them. See Malstrom v. Consolidated Theatres, 4 Utah 2d 181, 290 P.2d 689.

The written contract having been breached and abandoned, and the recovery allowed being upon the theory of reasonable value for work done, the trial court's refusal to award plaintiff attorney's fees is sustained.

Affirmed. Costs to plaintiff (respondent).

HENRIOD, C. J., and McDONOUGH, CALLISTER, and WADE, JJ., concur.