**J & M CONSTRUCTION, INC., a Utah corporation, Plaintiff and Respondent,**

v.

**Glade SOUTHAM and Exquisite Home Builders, Inc., a Utah corporation, Defendants and Appellants.**

No. 19816.

Supreme Court of Utah.

July 17, 1986.

PER CURIAM:

Plaintiff J & M Construction, Inc., brought this action to collect payment for the construction of an irrigation system on defendant Glade Southam's property. The trial court found that the original oral agreement, whereby plaintiff had agreed to choose a home and lot as payment, had been frustrated and awarded plaintiff damages in *quantum meruit* for the value of the benefit conferred upon defendant's property. Defendants appeal, alleging error in the balance of the equities struck by the trial court in its award to plaintiff. We do not find any error below and affirm the judgment.

In reviewing matters in equity, this Court will reverse the trial court only when the evidence clearly preponderates against the findings below. Although we may review that evidence, we are particularly mindful of the advantaged position of the trial court to hear, weigh, and evaluate the testimony of the parties. *Jensen v. Brown,* 639 P.2d 150 (Utah 1981). Where the evidence may be in conflict, this Court will not upset the findings below unless the evidence so clearly preponderates against them that this Court is convinced that a manifest injustice has been done. *Horton v. Horton,* 695 P.2d 102 (Utah 1984). Considering all the evidence in the light most favorable to plaintiff and indulging all reasonable inferences drawn therefrom in support of the judgment, we find no inequity or arbitrariness in the trial court's determination of the equities. *Baldwin v. Vantage Corp.,* 676 P.2d 413 (Utah 1984).

The court below found that plaintiff agreed to perform construction services and supply materials on property owned by defendant Southam, who was president and a controlling shareholder of defendant Exquisite Home Builders, Inc. In return for its improvements, J & M was to receive a house and lot from defendant Exquisite. J & M installed the irrigation system improvements and billed defendants $21,-065.19. Although encouraged to do so, J & M never selected a home from the inventory of Exquisite, and all of the available homes were either sold by defendants or lost in foreclosure. Finding that the purpose of the contract had been frustrated, the trial judge awarded plaintiff $21,065 against Southam as the value of the improvements to Southam's property.

On appeal, defendants concede that the purpose of the contract was frustrated and that the contract was mutually rescinded. But defendants claim that it would be inequitable to permit J & M to recover in *quantum meruit* because J & M was responsible for the frustration of the contract by failing to choose a home before defendants' inventory was exhausted. Therefore, defendants argue, J & M should not be allowed to profit by its own wrongdoing. However, upon hearing the testimony of the parties the trial court held otherwise and found that defendants encouraged but never demanded that a selection be made.

The trial court made no finding of any wrongdoing or breach of contract by either party, and we do not find any evidence to support such an allegation. It appears more consonant with the evidence and the findings below that defendants should not be unjustly enriched by receiving the admitted and accepted benefit of the real property improvements conferred by J & M Construction without paying anything therefor. *McCarren v. Merrill*, 15 Utah 2d 179, 389 P.2d 732 (1964); *Rapp v. Mountain States Telephone & Telegraph Co.*, 606 P.2d 1189, 1193 (Utah 1980).

Defendants do not cite to any specific testimony or other evidence in the record to support their claim that J & M purposely refused to act so as to frustrate the intent of the contract and impose an inequitable burden on defendants. It is the appellant's responsibility to marshall all the relevant evidence in the record to support its contentions on appeal. *Scharf v. BMG Corp.*, 700 P.2d 1068 (Utah 1983). When defendants have not supported their argument or asserted facts with any adequate, competent citations to the record, this Court will not undertake an analysis of the evidence independent of the determinations reached by the trial court. *See State v. Hutchings*, 672 P.2d 404 (Utah 1983); *Uckerman v. Lincoln National Life Insurance Co.*, 588 P.2d 142 (Utah 1978).

The judgment of the trial court is affirmed.